50640-DFG/OSH                                              Firm No. 90663

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| NAVIGATORS INSURANCE CO., INC. a/s/o ) <br> and on behalf of AMERICA'S FREIGHT ) <br> CARRIER, INC., d/b/a MERIT FREIGHT ) <br> SYSTEM ) <br>               Plaintiff, ) <br>    v. ) <br> ) <br> NG EXPRESS, INC., MONTEX ) <br> TRANSPORTATION, INC., and ) <br> NORTHWOOD ASSOCIATES, INC. ) <br> ) <br>            Defendant. ) | Case No. 08 C 01230 <br><br> Judge Lindberg <br> Magistrate Judge Denlow |

**DEFENDANT NORTHWOOD ASSOCIATES, INC.'S ANSWER AND**
**AFFIRMATIVE DEFENSES TO COMPLAINT**

NOW COMES Defendant NORTHWOOD ASSOCIATES, INC., by and through its attorneys, Daniel F. Gallagher, Michele T. Oshman and QUERREY & HARROW, LTD., and in answer to the Plaintiffs' Complaint, states as follows:

**PREDICATE**

1.     This civil action is brought by NAVIGATORS against Defendants to recover money damages in an amount no less than $249,000.00 for the transit-related loss of certain goods and defendants' failure to provide insurance coverage defendants to MERIT would be available to reimburse MERIT and/or MERIT's customers in the event of loss and/or damage to the goods.

    ANSWER:     Defendant denies the allegations of Paragraph 1 as they pertain to it.

**JURISDICTION AND VENUE**

2.     This Court has subject matter jurisdiction in relation to NAVIGATORS' claims and causes of action against NG pursuant to 28 USC §§ 1331 and 1337 since the claims an

actions against NG arise out of issues of interstate commerce under a bill of lading where the value of the goods exceeded $10,000.00 exclusive of interest and costs.

ANSWER:    Defendant neither admits nor denies the allegations of Paragraph 2 as they are not directed at this Defendant.  To the extent that an answer is required, this Defendant admits the allegations of Paragraph 2.

3.    This Court has subject matter jurisdiction in relation to NAVIGATORS' claims and causes of action against MONTEX pursuant to 28 §§ 1331 and 1337 since the claims and causes of action against MONTEX arise out of issues of interstate commerce under a bill of lading where the value of the goods exceeded $10,000.00 exclusive of interest and costs.

ANSWER:    Defendant neither admits nor denies the allegations of Paragraph 3 as they are not directed at this Defendant.  To the extent that an answer is required, this Defendant admits the allegations of Paragraph 3.

4.    This Court also has jurisdiction as to NAVIGATORS' claims and causes of action against NORTHWOOD pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction) since the claims and causes of action against NORTHWOOD are related to NAVIGATORS' claims and causes of action against NG and MONTEX in that they form a part of the same case and controversy.

ANSWER:    Defendant denies the allegations of Paragraph 4.

5.    Venue of this action is proper in this Court pursuant to 28 U.S.C. § 1391 in that a substantial part of the events and/or omissions giving rise to these claims occurred within the Northern District of Illinois given that the Defendants NG and/or MONTEX took receipt of the goods at issue within this District and since the Defendants are residents of, are found within, have agents within, or transact their affairs within the Northern District of Illinois and are

registered to do business in the State of Illinois. Venue is similarly proper against Defendant NORTHWOOD pursuant to 28 U.S.C. § 1391 in that NORTHWOOD issued a Certificate of Insurance within this District and is a resident of, is found within, has agents within, or transacts their affairs within the Northern District of Illinois and are registered to do business in the State of Illinois.

ANSWER:    Defendant admits the allegations of Paragraph 5 as they pertain to it.

## PARTIES AND RELATIONSHIPS

6.    MERIT is a corporation organized under the laws of Illinois, and is engaged in the business of brokering truck-load shipments throughout the continental United States. MERIT does not own trucks, or hire drivers, but serves as an intermediary in arranging for the inland movement by motor carriers of various cargo for its customers. MERIT has a principal place of business located at 2500 West Higgins Road, Suite 1131, Hoffman Estates, Illinois 60195.

ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6, and therefore denies the same.

7.    Plaintiff NAVIGATORS is a corporation engaged in business as an insurance company providing, among other things, transit-related insurance coverage, is incorporated in Delaware, authorized to do business in Illinois and has a principal place of business located at One Penn Plaza, New York, NY 10109.

ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7, and therefore denies the same.

8.    NAVIGATORS is subrogated to the rights MERIT has against Defendants by virtue of its payment to Tiger Direct, Inc. ("Tiger"), as insurer of MERIT, of $249,000.90 under the terms of an Inland Marine Cargo Policy No. CH06TPTAND7138 and/or CLAIM NO.

3

TPT151515 for the loss of a shipment of good brokered by MERIT to NG EXPRESS, INC. and/or MONTEX, received by NG and/or MONTEX in Illinois but never delivered by NG and/or MONTEX to Tiger in Florida. A copy of the Release executed by Tiger and the Check NAVIGATORS issued to Tiger in the amount of $249,000.90 for the loss of the shipment of goods is attached hereto as Group Exhibit "A." A copy of the Subrogation Receipt executed by MERIT to NAVIGATORS is attached hereto as Exhibit "B."

ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8, and therefore denies the same.

9.    Defendant NG is a corporation organized under the laws of Illinois and is engaged in business as an interstate motor carrier operating pursuant to authority issued by the Federal Motor Carrier Safety Administration under DOT No: 1002472 and MC No: 24338. NG's corporate office and principal place of business is located at 2653 Greenleaf in Elk Grove Village, Illinois.

ANSWER:    Defendant admits the allegations of Paragraph 9.

10.    Defendant MONTEX is a corporation organized under the laws of Illinois and is engaged in business as an interstate motor carrier operating pursuant to authority by the Federal Motor Carrier Safety Administration under DOT No: 1077434 AND MC No: 448034. MONTEX's corporate office and principal place of business is located at 2653 Greenleaf in Elk Grove Village, Illinois.

ANSWER:    Defendant admits the allegations of Paragraph 10.

11.    Defendant NORTHWOOD is a corporation organized under the laws of Illinois and is engaged in business as an insurance broker. NORTHWOOD's corporate office and

4

principal place of business is located at 800 E. Northwest Highway, Suite 504, Chicago, IL 60604.

ANSWER:    Defendant admits the allegations of Paragraph 11.

12.    NORTHWOOD, at all times hereinafter alleged, obtained transit-related insurance coverage for NG and/or MONTEX in the interstate, intrastate and/or international transportation of goods for hire and issued Certificates of Insurance purporting to correctly identify the extent of NG's and/or MONTEX's insurance coverage for cargo loss, damage and/or theft.

ANSWER:    Defendant admits the allegations of Paragraph 12.

## THE TRANSPORTATION ARRANGEMENTS

13.    Sometime in March of 2007, Tiger hired MERIT to arrange for a truck movement of miscellaneous goods from Tiger's facility in Naperville, Illinois to a Tiger facility in Miami, Florida.

ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13, and therefore denies the same.

14.    The particular shipment consisted of 26 pallets containing 511 packages with a declared value of $249,000.90.    A copy of the bill of lading upon which a declared value of $249,000.90 for the subject shipment is specified is attached as Exhibit "C" hereto.

ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14, and therefore denies the same.

15.    The shipment of 26 pallets containing 511 packages of goods, each package in good order and condition (the "Subject Shipment"), was loaded onto Trailer No. 3033 by Tiger on or about March 14, 2007 at Tiger's facility in Naperville, Illinois.

ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15, and therefore denies the same.

16.    NG and/or MONTEX received the Subject Shipment and Trailer No. 3033 in good order, quantity and condition on or about March 14, 2007 at Tiger's facility in Naperville, Illinois.

ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16, and therefore denies the same.

17.    At all times relevant herein, because of prior shipments and/or information contained in the bill of lading, NG and/or MONTEX and/or NORTHWOOD knew and/or should have known that the Tiger shipment contained items that are classified as electronics equipment and of high value.

ANSWER:    Defendant denies the allegations of Paragraph 17 as they pertain to it; and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 17, and therefore denies the same.

18.    The driver assigned by NG and/or MONTEX signed Straight Bill of Lading No. 100001692 dated March 14, 2007 (Exhibit "C"), without exception, indicating his receipt of the Subject Shipment and Trailer No. 3033.

ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18, and therefore denies the same.

19.    The bill of lading for the Subject Shipment indicated the declared value of the Subject Shipment was $249,000.00 when it was signed by the driver for NG and/or MONTEX.

ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19, and therefore denies the same.

20.    NG and/or MONTEX failed to deliver the Subject Shipment and Trailer No. 3033 to the Tiger facility in Miami, Florida as they had agreed to do pursuant to the bill of lading. (Exhibit "C").

ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20, and therefore denies the same.

21.    NG and/or MONTEX reported the Subject Shipment and Trailer No. 3033 were stolen while in the care, custody or control of NG and/or MONTEX's driver. *See*, Exhibit "D" annexed hereto, the "Time Line of events" prepared by MONTEX and faxed to MERIT after the theft.

ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21, and therefore denies the same.

22.    The Subject Shipment has never been recovered.

ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22, and therefore denies the same.

23.    The Subject Shipment had an Invoice Value of $249,000.90.  See Tiger Invoice No. 1000001692 dated march 14, 2007 attached hereto as Exhibit "E."

ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23, and therefore denies the same.

THE INSURANCE ARRANGEMENTS

24.    Since the Subject Shipment was valued at $249,000.90, MERIT needed to select a trucker with cargo insurance coverage no less than $249,000.90.

7

ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24, and therefore denies the same.

25.    MERIT had retained NG and/or MONTEX to transport shipments prior to March 14, 2007 on several occasions.

ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25, and therefore denies the same.

26.    Prior to March 14, 2007, MERIT had assigned no less than 5 shipments to be transported by NG and/or MONTEX, including shipments NG and/or MONTEX knew consisted of electronic equipment.

ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26, and therefore denies the same.

27.    NG and or MONTEX knew, at the time they agreed to transport the Subject Shipment that the Subject Shipment included electronic equipment.

ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27, and therefore denies the same.

28.    A condition of the agreement between MERIT and NG and/or MONTEX required NG and/or MONTEX to provide MERIT, upon MERIT's request, a true and accurate Certificate of Insurance listing NG's and/or MONTEX's insurers, policy numbers, policy types, policy limits, deductibles and/or endorsements.

ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28, and therefore denies the same.

29.    Prior to nominating NG and/or MONTEX to pick up the Subject Shipment, MERIT sought and NG, MONTEX and/or NORTHWOOD prepared, provided and/or issued to

8

MERIT, for MERIT's benefit, a Certificate of Insurance purporting to accurately identify the insurance coverage NG and/or MONTEX had available to them in the event of loss, theft and/or damage to the Subject Shipment. A copy of this Certificate of Insurance dated March 1, 2007 is attached hereto as Exhibit "F."

ANSWER:    Defendant admits that it prepared the Certificate of Insurance attached as Exhibit F and provided a copy to Defendants NG and MONTEX; denies that it prepared said Certificate of Insurance for Merit's benefit; and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 29, and therefore denies the same.

30.    Exhibit "F," the Certificate of Insurance NG and/or MONTEX and/or NORTHWOOD prepared, provided and/or issued to MERIT, indicated that NG and/or MONTEX had a cargo liability insurance policy which had a limit of $250,000.00 per vehicle and $250,000.00 per catastrophe, subject to $2,500.00 deductible, including reefer breakdown, that had been issued to them by Lexington Insurance Company ("Lexington").

ANSWER:    Defendant denies that it provided Exhibit F to Plaintiff Merit; admits that the Certificate of Insurance states that Defendants NG and/or MONTEX had a cargo liability policy with limits of $250,000 per vehicle and $250,000 per catastrophe, subject to a $2,500 deductible, including reefer breakdown, issued by Lexington Insurance Company; and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 30, and therefore denies the same.

31.    In the section of the Certificate of Insurance (Exhibit "F") entitled "DESCRIPTION OF OPERATION / LOCATIONS / VEHICLES / EXCLUSIONS ADDED BY ENDORSEMENT / SPECIAL PROVISIONS", NG and/or MONTEX and/or NORTHWOOD

inserted the following typed provision: "B Trailer Exchange Interchange 128-36-55 02/28/07, 02/28/08 $25,000.00 LIMIT."

    ANSWER:    Defendant admits that it inserted the typed provision in Exhibit F but denies that Plaintiff properly quoted said provision; and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 31, and therefore denies the same.

    32.    After MERIT learned of the loss of the Subject Shipment it submitted a claim in the amount of $249,000.90 to NG and/or MONTEX.

    ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 32, and therefore denies the same.

    33.    After they received the claim submitted by MERIT, Lexington, NORTHWOOD, NG and/or MONTEX provided MERIT with a purported copy of the Lexington cargo policy and have alleged that, because the Subject Shipment was electronics, Lexington's maximum indemnity obligation to NG and/or MONTEX under its cargo policy is limited to an amount no greater than $24,900.90 in relation to the Subject Shipment.

    ANSWER:    Defendant denies the allegations of Paragraph 33 as they pertain to it; and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 31, and therefore denies the same.

    34.    Had NG and/or MONTEX and/or NORTHWOOD accurately represented to MERIT, prior to NG and/or MONTEX taking receipt of the Subject Shipment, that NG and MONTEX had insufficient cargo insurance coverage for the Subject Shipment, MERIT would not have hired NG and/or MONTEX to transport the Subject Shipment.

10

ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 34, and therefore denies the same.

## COUNT I

### NG EXPRESS, INC.

(Carmack Amendment)

35.    Plaintiff realleges and incorporates paragraphs 1-34 of the Complaint as if fully rewritten herein as paragraph 35.

ANSWER:    Defendant adopts its answers to Paragraphs 1 through 34 as its answer to this Paragraph.

36.    As an interstate carrier and/or freight forwarder transporting the Subject Shipment, NG owed MERIT and/or Tiger the highest degree of care in relation to the Subject Shipment.

ANSWER:    Defendant makes no response to the allegations of Paragraph 36 as they are not directed at this Defendant.  To the extent that a further answer is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36, and therefore denies the same.

37.    At all times relevant therein there was in effect 49 U.S.C. § 14706 (the Carmack Amendment) which provides in pertinent part as follows:'

    (a)    **General liability:**

        (1)    **Motor Carriers and Freight Forwarders.**    A carrier providing transportation or service subject to jurisdiction under sub-chapter I or III of chapter 135 shall issue a receipt or bill of lading for property it receives for transportation under this part. That carrier and any other carrier that delivers the property and is providing transportation or service subject to jurisdiction under subchapter I or III of chapter 135 or chapter 105 are liable to the

11

person entitled to recover under the receipt or bill of lading. The liability imposed under this paragraph is for the actual loss or injury to the property caused by (A) the receiving carrier, (B) the delivering carrier, or (C) another carrier over whose line or route the property is transported in the United States for from a place in the United States to a place in an adjacent foreign country when transported under a through bill of lading and, except in the case of a freight forwarder, applies to property reconsigned or diverted under a tariff under section 13702. Failure to issue a receipt or bill of lading does not affect the liability of a carrier. A delivering carrier is deemed to be the carrier performing the line-haul transportation nearest the destination but doe not include a carrier providing only a switching service at the destination.

ANSWER:    Defendant makes no response to the allegations of Paragraph 37 as they are not directed at this Defendant. To the extent that a further answer is required, Defendant admits that 49 U.S.C. § 14706 states as alleged; and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 37, and therefore denies the same.

38.    NG was the initiating carrier/freight forwarder, the delivering carrier and/or the carrier on whose line the loss of the Subject Shipment occurred pursuant to 49 U.S.C. § 14706(a).

ANSWER:    Defendant makes no response to the allegations of Paragraph 38 as they are not directed at this Defendant. To the extent that a further answer is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38, and therefore denies the same.

39.    The loss by theft of the Subject Shipment occurred while NG was transporting the Subject Shipment and/or while the Subject Shipment was in the care, custody and/or control of NG as the initiating carrier/freight forwarder, delivering carrier and/or the carrier on whose line the loss or damage occurred.

12

ANSWER:    Defendant makes no response to the allegations of Paragraph 39 as they are not directed at this Defendant.  To the extent that a further answer is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39, and therefore denies the same.

40.    Because NG failed to deliver the Subject Shipment to the Tiger facility in Miami, Florida in the same good order and condition as when NG received the Subject Shipment from the Tiger facility in Naperville, Illinois, NG is liable to NAVIGATORS pursuant to the Carmack Amendment.

ANSWER:    Defendant makes no response to the allegations of Paragraph 40 as they are not directed at this Defendant.  To the extent that a further answer is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 40, and therefore denies the same.

## COUNT II

## MONTEX TRANSPORTATION, INC.

(Carmack Amendment)

41.    NAVIGATORS repeats, realleges and incorporates paragraphs 1-34 and 37 of the Complaint as if fully rewritten herein as paragraph 41.

ANSWER:    Defendant adopts its answers to Paragraphs 1 through 34 and to Paragraph 37 as its answer to this Paragraph.

42.    As an interstate carrier and/or freight forwarder transporting the Subject Shipment, MONTEX owed MERIT and Tiger the highest degree of care in relation to the Subject Shipment

13

ANSWER:    Defendant makes no response to the allegations of Paragraph 42 as they are not directed at this Defendant.  To the extent that a further answer is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42, and therefore denies the same.

43.    MONTEX was the initiating carrier/freight forwarder, the delivering carrier and/or the carrier on whose line the loss of the Subject Shipment occurred pursuant to 49 U.S.C.§ 14706(a).

ANSWER:    Defendant makes no response to the allegations of Paragraph 43 as they are not directed at this Defendant.  To the extent that a further answer is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 43, and therefore denies the same.

44.    The loss by theft of the Subject Shipment occurred while MONTEX was transporting the Subject Shipment and/or while the Subject Shipment was in the care, custody and/or control of MONTEX as the initiating carrier/freight forwarder, delivering carrier and/or the carrier on whose line the loss or damage occurred.

ANSWER:    Defendant makes no response to the allegations of Paragraph 44 as they are not directed at this Defendant.  To the extent that a further answer is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 44, and therefore denies the same.

45.    Because MONTEX failed to deliver the Subject Shipment to the Tiger facility in Miami, Florida in the same good order and condition as when MONTEX received the Subject Shipment from the Tiger facility in Naperville, Illinois, MONTEX is liable to NAVIGATORS pursuant to the Carmack Amendment.

ANSWER:    Defendant makes no response to the allegations of Paragraph 45 as they are not directed at this Defendant.  To the extent that a further answer is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 45, and therefore denies the same.

## COUNT III

## NORTHWOOD ASSOCIATES, INC.

### (Negligence)

46.    NAVIGATORS repeats, realleges and incorporates each and every allegation contained in paragraphs 1 through 34 of this Complaint as if more fully set forth herein as paragraph 46.

ANSWER:    Defendant adopts its answers to Paragraphs 1 through 34 as its answer to this Paragraph.

47.    NORTHWOOD, its agents, servants and employees conducted themselves during the placement and securing of transit-related insurance coverage on behalf of NG and MONTEX, as well as issuance of the Certificate of Insurance in place for NG and MONTEX, in a manner and in such a way as to be totally oblivious to MERIT's and/or Tiger's rights in the Subject Shipment in issuing a Certificate of Insurance stating that NG and MONTEX had $250,000.00 of cargo coverage under the Lexington policy when NG and MONTEX appear to have cargo coverage substantially less than $250,000.00 for the Subject Shipment under the Lexington policy and/or in allowing NG and MONTEX to have access to blank and/or incompletely filled out Certificates of Insurance such that NG and/or MONTEX could provide that they had $250,000.00 in cargo coverage under the Lexington policy when it appears they have

15

substantially less than $250,000.00 in insurance coverage for the Subject Shipment under the Lexington Policy.

ANSWER:    Defendant denies the allegations of Paragraph 47.

48.    NORTHWOOD has a duty to prepare Certificates of Insurance accurately reflecting coverage.

ANSWER:    Defendant denies the allegations of Paragraph 48, and specifically denies that it owed any duty to MERIT or to Plaintiff.

49.    NORTHWOOD knew that Certificates of Insurance were sent by NG and/or MONTEX to shippers, brokers and other users of NG and MONTEX transportation services.

ANSWER:    Defendant denies the allegations of Paragraph 49, and specifically denies knowledge that Exhibit F was sent to MERIT by any party or other entity.

50.    NORTHWOOD knew the shippers, brokers and other users, including MERIT, would rely upon the information contained in the Certificates of Insurance.

ANSWER:    Defendant denies the allegations of Paragraph 50.

51.    NORTHWOOD intended Certificates of Insurance issued under its name to be a complete and accurate summary of the type, amount and nature of insurance coverage in place for a particular insured and/or additional insured and owed a duty to third persons such as MERIT and/or Tiger to take all reasonable steps to insure that the Certificates of Insurance issued under its name were a complete and accurate summary of the type and amount of insurance in place.

ANSWER:    Defendant denies the allegations of Paragraph 51.

16

52.    NORTHWOOD'S improper conduct with respect to the drafting and/or issuance of Exhibit "F" (the "Certificate of Insurance") resulted in MERIT'S failure to obtain a carrier with the requisite level of insurance necessary to carry the Subject Shipment.

ANSWER:    Defendant denies the allegations of Paragraph 52.

53.    By reason of NORTHWOOD'S failure to provide proper information regarding the insurance coverage available to NG and/or MONTEX for cargo loss, damage and/or theft, NAVIGATORS has been damaged in the sum of $249,000.90 with interest thereon from March 14, 2007.

ANSWER:    Defendant denies the allegations of Paragraph 53.

54.    At all times relevant, Merit and Tiger were exercising due care for their own safety.

ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 54, and therefore denies the same.

WHEREFORE, Defendant denies that Plaintiff is entitled to any judgment or other relief in this matter.

## COUNT IV

## NORTHWOOD ASSOCIATES, INC.

(Willful and Wanton Misconduct)

55.    NAVIGATORS repeats, realleges and incorporates each and every allegation contained in paragraphs 1 through 34 and paragraphs 48 through 51 of this Complaint as if more fully set forth herein as paragraph 55.

ANSWER:    Defendant adopts its answers to Paragraphs 1 through 34 and to Paragraph 48 through 51 as its answer to this Paragraph.

17

56.    NORTHWOOD conducted itself during the placement and issuance of insurance coverage on behalf of NG and MONTEX and/or in the drafting and issuance of the subject Certificate of Insurance (Exhibit "F") recklessly and/or in conscious disregard for MERIT, Tiger, and/or the Subject Shipment entrusted NG and/or MONTEX and in relation to their duties as insurance brokers and as issuers of Certificates of Insurance and/or to the requirements for the transportation of cargo.

ANSWER:    Defendant denies the allegations of Paragraph 56.

57.    NORTHWOOD'S willful, wanton and improper conduct with respect to the preparation and/or issuance of Exhibit "F" resulted in the failure of MERIT to retain a carrier that provided adequate insurance coverage for the Subject Shipment.

ANSWER:    Defendant denies the allegations of Paragraph 57.

58.    By reason of NORTHWOOD'S willful, wanton and improper conduct, NAVIGATORS has been damaged in the sum of $249,000.90 with interest thereon from March 14, 2007.

ANSWER:    Defendant denies the allegations of Paragraph 58.

WHEREFORE, Defendant denies that Plaintiff is entitled to any judgment or other relief in this matter.

## COUNT V

### NORTHWOOD ASSOCIATES, INC.

(Fraudulent Misrepresentation)

59.    NAVIGATORS repeats, realleges and incorporates each and every allegation contained in paragraphs 1 through 34 and paragraphs 48 through 51 of its Complaint as if fully set forth at length herein as paragraph 59.

18

ANSWER:     Defendant adopts its answers to Paragraphs 1 through 34 and to Paragraph 48 through 51 as its answer to this Paragraph.

60.     In hiring NG and MONTEX, Merit relied upon the integrity and representations of NORTHWOOD to identify the nature, extent and amount of cargo insurance coverage available to NG and/or MONTEX to reduce or avoid the risk of pilferage or theft during transit of the Subject Shipment.  However, because of material misrepresentations by NORTHWOOD, the ability of NG and/or MONTEX to provide insurance coverage for the benefit of plaintiffs was fraudulently and artificially inflated.

ANSWER:     Defendant denies the allegations of Paragraph 60.

61.     NORTHWOOD'S printed misrepresentations in the Certificate of Insurance (Exhibit "F") as to the type, amount and nature of insurance coverage provided to NG and/or MONTEX presented a materially misleading picture of insurance protection for the Subject Shipment.  Exhibit "F" contains material misrepresentations and/or fails to disclose other material facts necessary to prevent the statements from being misleading.

ANSWER:     Defendant denies the allegations of Paragraph 61.

62.     NORTHWOOD knew or believed that the information contained as Exhibits "F" was incomplete and false or misleading.  NORTHWOOD knew of and consented to the contents of these documents.

ANSWER:     Defendant denies the allegations of Paragraph 62.

63.     The misrepresentations in and omissions in Exhibit "F" were such as would induce MERIT to misjudge the adequacy of insurance coverage available for the Subject Shipment.

ANSWER:     Defendant denies the allegations of Paragraph 63.

19

64.    MERIT relied upon NORTHWOOD'S statements, which included fraudulent misrepresentations and omitted certain material facts.  As a direct result, plaintiff has been injured and damaged in the amount of $249,000.90, plus costs, interest and attorneys fees from March 14, 2007.

ANSWER:    Defendant denies the allegations of Paragraph 64.

WHEREFORE, Defendant denies that Plaintiff is entitled to any judgment or other relief in this matter.

### COUNT VI

### NORTHWOOD ASSOCIATES, INC.

(Negligent Misrepresentation)

65.    NAVIGATORS repeats, realleges and incorporates each and every allegation contained in paragraphs 1 through 34 and paragraphs 48 through 51 of its Complaint as if fully set forth at length herein as paragraph 65.

ANSWER:    Defendant adopts its answers to Paragraphs 1 through 34 and to Paragraph 48 through 51 as its answer to this Paragraph.

66.    NORTHWOOD failed to exercise reasonable care and/or acted recklessly in obtaining and communicating the correct information in the Certificate of Insurance issued to MERIT concerning the true type, amount and nature of insurance coverage available to NG and/or MONTEX necessary to reduce or eliminate transit-related risk for the Subject Shipment. Accordingly, NORTHWOOD supplied false information for the guidance of MERIT knowing that MERIT intended to rely on this information.  MERIT justifiably relied upon the information in the Certificates of Insurance prepared by NORTHWOOD and supplied by NORTHWOOD, NG and/or MONTOX [sic] to its detriment and damage.

20

ANSWER:    Defendant denies the allegations of Paragraph 66.

67.    As a direct result of NORTHWOOD'S negligent misrepresentation, NAVIGATORS has been injured and damaged in the amount of $249,000.90 plus costs, prejudgment interest and attorneys fees from March 14, 2007.

ANSWER:    Defendant denies the allegations of Paragraph 67.

WHEREFORE, Defendant denies that Plaintiff is entitled to any judgment or other relief in this matter.

## COUNT VII

### NORTHWOOD ASSOCIATES, INC.

(Illinois Consumer Fraud and Deceptive Practices Act)

68.    Plaintiff repeats, realleges and incorporates each and every allegation contained in paragraphs 1 through 34 and paragraphs 48 through 51 of its Complaint as if fully set forth at length herein as paragraph 68.

ANSWER:    Defendant adopts its answers to Paragraphs 1 through 34 and to Paragraph 48 through 51 as its answer to this Paragraph.

69.    NORTHWOOD'S activities as an insurance broker in the placement and issuance of insurance coverage on behalf of NG and MONTEX and/or drafting and/or the issuance of the subject Certificate of Insurance constitutes service and merchandise as defined in 815 ILCS 505/1(b).

ANSWER:    Defendant denies the allegations of Paragraph 69.

70.    NORTHWOOD'S unlawful acts occurred in the conduct of interstate commerce.

ANSWER:    Defendant denies the allegations of Paragraph 70.

71.    NORTHWOOD'S conduct in preparing and/or issuing Certificates of Insurance which it knew or should have known would be disseminated to and relied upon by persons and/or entities doing business with NG and/or MONTEX involve trade practices directed to the market generally and/or otherwise implicate consumer protection concerns.

ANSWER:    Defendant denies the allegations of Paragraph 71.

72.    Section 2 of the Illinois Consumer Fraud & Deceptive Business Practices Act, 815 ILCS 505/2 provides as follows:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. In construing this section consideration shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to Section 5(a) of the Federal Trade Commission Act.

ANSWER:    Defendant admits that 815 ILCS 505/2 states as quoted by Plaintiff but denies that it violated the quoted statute.

73.    NORTHWOOD'S statements regarding the amount of coverage NG and MONTEX, Inc. had constitute statements and/or omissions of material facts that were intended to deceive and did deceive MERIT and constitute consumer fraud within the meaning of the Illinois Consumer Fraud and Deceptive Practices Act.

ANSWER:    Defendant denies the allegations of Paragraph 73.

22

74.    NAVIGATORS have been damaged by NORTHWOOD'S deceptive practices in the sum of $249,000.90, plus costs and interest and requests that punitive damages be assessed against NORTHWOOD.

ANSWER:    Defendant denies the allegations of Paragraph 74.

WHEREFORE, Defendant denies that Plaintiff is entitled to any judgment or other relief in this matter.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction over the claims against this Defendant.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff fails to state a cause of action against this Defendant.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff lacks standing to bring the claims against this Defendant.

WHEREFORE, Defendant NORTHWOOD ASSOCIATES, INC. prays that the Complaint against it be dismissed and that fees and costs be assessed against the Plaintiff.

### JURY DEMAND

Defendant demands a trial by jury.

Respectfully submitted,

NORTHWOOD ASSOCIATES, INC.

By: /s/ Daniel F. Gallagher
    Attorneys for the Defendant

23

Daniel F. Gallagher
Michele T. Oshman
Querrey & Harrow, Ltd.
175 West Jackson Boulevard
Suite 1600
Chicago, IL  60604

Document #: 1327515