UNITED STATES DISTRICT COURT
Northern District of Illinois, Eastern Division

| | |
|---|---|
| NAVIGATORS INSURANCE CO., INC. a/s/o and on behalf of AMERICA'S FREIGHT CARRIER, INC. d/b/a MERIT FREIGHT SYSTEM<br><br>v.<br><br>NG EXPRESS, INC., MONTEX TRANSPORTATION, INC. and NORTHWOODS ASSOCIATES, INC. | Case No. 08 C 1230<br><br>Assigned Judge: Lindberg<br><br>Designated<br>Magistrate Judge: Denlow |

## ANSWER TO COMPLAINT

NOW COMES the Defendants, NG EXPRESS, INC. and MONTEX TRANSPORTATION, INC., by and through their attorneys, LAW OFFICES OF MICHAEL A. MESCHINO, and in Answer to the Complaint filed by NAVIGATOR'S INSURANCE CO., INC. a/s/o and on behalf of AMERICA'S FREIGHT CARRIER, INC. d/b/a MERIT FREIGHT SYSTEM, states as follows:

PREDICATE

1.     That these Defendants have insufficient knowledge as to the truth or falsity of the allegations contained in Paragraph 1, and, therefore neither admit nor deny the same but demand strict proof thereof.

JURISDICTION AND VENUE

2.     That these Defendants have insufficient knowledge as to the truth or falsity of the allegations contained in Paragraph 2 and, therefore neither admit nor deny the same but demand strict proof thereof.

3. That these Defendants have insufficient knowledge as to the truth or falsity of the allegations contained in Paragraph 3 and, therefore neither admit nor deny the same but demand strict proof thereof.

4. That these Defendants have insufficient knowledge as to the truth or falsity of the allegations contained in Paragraph 4 and, therefore neither admit nor deny the same but demand strict proof thereof.

5. That these Defendants admit the allegations contained in Paragraph 5.

PARTIES AND RELATIONSHIPS

6. That these Defendants admit the allegations contained in Paragraph 6.

7. That these Defendants have insufficient knowledge as to the truth or falsity of the allegations contained in Paragraph 7 and, therefore neither admit nor deny the same but demand strict proof thereof.

8. That these Defendants have insufficient knowledge as to the truth or falsity of the allegations contained in Paragraph 8 and, therefore neither admit nor deny the same but demand strict proof thereof.

9. That these Defendants admit the allegations contained in Paragraph 9.

10. That these Defendants admit that MONTEX is a corporation organized under the laws of Illinois and is engaged in a business as an interstate motor carrier operating pursuant to authority by the Federal Motor Carrier Safety Administration under DOT No. 1077439 and MC No. 448034. That the Defendants deny that the corporate office and principal place of business of Defendant, Montex is located at 2653 Greenleaf in Elk Grove Village, Illinois. That in further answering Paragraph 10, the principal place of business of Defendant, MONTEX is located at 8281 N. Wisner Street, Niles, Illinois 60714.

11. That these Defendants admit the allegations contained in Paragraph 11.

12. That these Defendants admit the allegations contained in Paragraph 12.

## TRANSPORTATION ARRANGMENTS

13. That these Defendants have insufficient knowledge as to the truth or falsity of the allegations contained in Paragraph 13 and, therefore neither admit nor deny the same but demand strict proof thereof.

14. That these Defendants admit that Exhibit "C" is a copy of a bill of lading that indicates 26 pallets with 511 packages with a declared value of $249,000.90. That in further answering Paragraph 14, these Defendants states that the exhibit speaks for itself.

15. That these Defendants have insufficient knowledge as to the truth or falsity of the allegations contained in Paragraph 15 and, therefore neither admit nor deny the same but demand strict proof thereof.

16. That these Defendants admit that Defendant, MONTEX received the subject shipment in Trailer No. 3033 in good order, quantity and condition on or about March 14, 2007 at Tiger's Facility in Naperville, Illinois. That these Defendants deny that Defendant, NG EXPRESS, INC. received any shipment.

17. That these Defendants have insufficient knowledge as to the truth or falsity of the allegations contained in Paragraph 17 and, therefore neither admit nor deny the same but demand strict proof thereof. That in further answering Paragraph 17, it should be noted that the bill of lading attached to the Plaintiff's Complaint as Exhibit "C" does not identify what is being shipped nor is there any classification as the same being electronics equipment.

18. These Defendants deny that there was any driver assigned by Defendant, NG or that he did any of the things alleged in Paragraph 18. That in further answering Paragraph 18, Defendant, MONTEX admits the allegations contained in Paragraph 18.

19. That Defendant MONTEX admits the allegations contained in Paragraph 19. That Defendant NG denies that a driver for Defendant, NG signed any bill of lading or had anything to do with this transaction.

20. That these Defendants admit that the driver hired by Defendant, MONTEX failed to deliver the subject shipment in Trailer No. 3033 to the Tiger facility in Miami, FL as they agreed to pursuant to the bill of lading attached as Exhibit "C". That in further answering Paragraph 20, Defendant NG did not fail to deliver anything as the shipment was under the control of Defendant MONTEX. That Defendant NG and Defendant MONTEX both state that the product that was contained in the trailer was stolen from the trailer by person(s) unknown to the Defendants.

21. That these Defendants admit that Exhibit "D" indicates that the timeline of events prepared by Defendant, MONTEX and faxed to Plaintiff, MERIT after the theft is a true and correct copy of the same. That the Defendants deny that NG had anything with relation to reporting the subject shipment in Trailer No. 3033 stolen while in the care, custody or control of NG. That the Defendants admit that the vehicle at the time was under the direction of Defendant MONTEX.

22. That these Defendants admit the allegations contained in Paragraph 22.

23. That these Defendants admit that there was a declared value of $249,000.90. That the Defendants also state that Exhibit "E" speaks for itself and deny the remaining allegations and implications from the allegations contained in Paragraph 23.

## THE INSURANCE ARRANGEMENTS

24.   That these Defendants have insufficient knowledge as to the truth or falsity of the allegations contained in Paragraph 24 and, therefore neither admit nor deny the same but demand strict proof thereof.

25.   That these Defendants admit the allegations contained in Paragraph 25.

26.   That these Defendants admit the allegations contained in Paragraph 26.

27.   That these Defendants admit the allegations contained in Paragraph 27.

28.   That these Defendants admit the allegations contained in Paragraph 28.

29.   That these Defendants admit that Defendant, MONTEX did tender a Certificate of Insurance that indicated the coverage necessary to cover this shipment. The Defendants also admit that a copy of the Certificate of Insurance dated March 1, 2007 is attached hereto as Exhibit "F". That the Defendants deny that NG had anything whatsoever to do with the Certificate of Insurance.

30.   That these Defendants deny that either Defendant NG or Defendant MONTEX prepared, provided and/or issued to MERIT the Certificate of Insurance attached as Exhibit "F". That the Defendants admit that Defendant NORTHWOOD issued and provided to MERIT the Certificate of Insurance.

31.   That these Defendants deny that Defendant, NG and/or Defendant, MONTEX inserted the following typed provision: "B Trailer Exchange Interchange 128-36-55 02/28/07 02/28/07 $25,000.00 LIMIT."

32.   That these Defendants have insufficient knowledge as to the truth or falsity of the allegations contained in Paragraph 32 and, therefore neither admit nor deny the same but demand strict proof thereof.

33. These Defendants admit that a copy of the Lexington Cargo Policy was tendered to MERIT after the loss. That these Defendants deny the remaining allegations contained in Paragraph 33.

34. That these Defendants deny the allegations contained in Paragraph 34.

COUNT I
NG EXPRESS, INC.
(Carmack Amendment)

35. That Defendant NG EXPRESS, INC. hereby adopts and re-alleges its answers to Paragraphs 1 through 34 of the Complaint as though fully set forth herein, and incorporates the same as its response to Paragraph 35 and incorporates the same by reference.

36. That the Defendant admits all duties imposed upon it by law but denies that such is stated accurately in Paragraph 36.

37. That the Defendant admits the existence of the statute known as the Carmack Amendment.

38. That the Defendant denies the allegations contained in Paragraph 38.

39. That the Defendant denies the allegations contained in Paragraph 39.

40. That the Defendant denies the allegations contained in Paragraph 40.

WHEREFORE, the Defendant, NG EXPRESS, INC., prays this Court for the following relief:

A. For the Court to deny the Plaintiff any relief whatsoever as against this Defendant;

B. For the Court to deny any request for prejudgment interest or costs against this Defendant from the Plaintiff; and

C. For all costs allowable by law for this Defendant.

## COUNT II
### MONTEX TRANSPORTATION, INC.
(Carmack Amendment)

41. That Defendant, MONTEX TRANSPORTATION, INC. hereby repeats, adopts and re-alleges its answers to Paragraphs 1 through 34 and 37 of the Complaint as if fully rewritten herein and incorporates the same in its answer to Paragraph 41.

42. That Defendant, MONTEX admits all obligations imposed by law but denies that any such obligations are properly set forth in Paragraph 42.

43. The Defendant admits the allegations contained in Paragraph 43.

44. The Defendant admits the allegations contained in Paragraph 44.

45. The Defendant admits the allegations contained in Paragraph 45.

WHEREFORE, the Defendant, MONTEX TRANSPORTATION, INC., prays for this Honorable Court for the following relief:

A. For the Court to deny Plaintiff any judgment whatsoever as against this Defendant;

B. For the Court to deny any prejudgment interest or costs of the Plaintiff against this Defendant; and

C. For all costs allowable to be recovered by law by this Defendant.

## COUNT III
### NORTHWOOD ASSOCIATES, INC.
(Negligence)

That this Count is not directed against either Defendant MONTEX TRANSPORTATION, INC. nor Defendant NG EXPRESS, INC. so they proffer no answer whatsoever to Count III.

COUNT IV
NORTHWOOD ASSOCIATES, INC.
(Willful and Wanton Misconduct)

That this Count is not directed against either Defendant MONTEX TRANSPORTATION, INC. nor Defendant NG EXPRESS, INC. so they proffer no answer whatsoever to Count IV.

COUNT V
NORTHWOOD ASSOCIATES, INC.
(Fraudulent Misrepresentation)

That this Count is not directed against either Defendant MONTEX TRANSPORTATION, INC. nor Defendant NG EXPRESS, INC. so they proffer no answer whatsoever to Count V.

COUNT VI
NORTHWOOD ASSOCIATES, INC.
(Negligent Misrepresentation)

That this Count is not directed against either Defendant MONTEX TRANSPORTATION, INC. nor Defendant NG EXPRESS, INC. so they proffer no answer whatsoever to Count VI.

COUNT VII
NORTHWOOD ASSOCIATES, INC.
(Illinois Consumer Fraud and Deceptive Practices Act)

That this Count is not directed against either Defendant MONTEX TRANSPORTATION, INC. nor Defendant NG EXPRESS, INC. so they proffer no answer whatsoever to Count VII.

9

        Respectfully submitted,


        _____
        Michael A. Meschino, attorney for
        Defendant, NG EXPRESS, INC. and
        Defendant, MONTEX TRANSPORTATION, INC.


Michael A. Meschino
Attorney for Defendant NG Express, Inc.
and Montex Transportation, Inc.
Law Offices of Michael A. Meschino
800 E. Northwest Highway
Suite 503
Palatine, IL  60074
Attorney No. 6182137

9