UNITED STATES DISTRICT COURT
Northern District of Illinois, Eastern Division

| | | |
|---|---|---|
| NG EXPRESS, INC., and MONTEX TRANSPORTATION, | ) ) ) | |
| Counter-Plaintiffs, | ) ) | Case No. 08 C 1230 |
| v. | ) ) | Assigned Judge: Lindberg |
| NORTHWOOD ASSOCIATES, INC. | ) ) | Designated Magistrate Judge: Denlow |
| Counter-Defendant. | ) | |

## COUNTER-COMPLAINT

NOW COMES the Counter-Plaintiffs, NG EXPRESS, INC. and MONTEX TRANSPORTATION, INC., by and through their attorneys, LAW OFFICES OF MICHAEL A. MESCHINO, and for its Counter-Complaint against NORTHWOOD ASSOCIATES, INC., states as follows:

1. That Counter-Plaintiff NG EXPRESS, INC. is an Illinois corporation organized and existing under the laws of the State of Illinois and is engaged in the business as an interstate motor carrier operating pursuant to authority issued by the Federal Motor Carrier Safety Administration under DOT No. 1002472 and MC No. 24338. That at all times hereto, Counter-Plaintiff NG EXPRESS, INC. had its corporate office and principal place of business located at 2653 Greenleaf, Elk Grove Village, IL.

2. That Counter-Plaintiff MONTEX TRANSPORTATION, INC., is a corporation organized under the laws of the State of Illinois and is engaged in the business as an interstate motor carrier operating pursuant to authority by the Federal Motor Carrier Safety Administration under DOT No. 1077434 and MC No. 448034. That Counter-Plaintiff, MONTEX TRANSPORTATION, INC. has corporate offices and a principal place of business located at 8281 N. Wisner Street, Niles, IL 60714.

3. That Counter-Defendant, NORTHWOOD ASSOCIATES, INC. was, at all times relevant hereto, a corporation organized under the laws of the State of Illinois and engaged in the business as an insurance producer pursuant to the laws of the State of Illinois. That the corporate offices and principal place of business for Northwood Associates, Inc. is located at 800 E. Northwest Highway, Suite 504, Palatine, IL 60074.

4. That on and prior to February 27, 2007, Counter-Plaintiffs, NG EXPRESS, INC. and MONTEX TRANSPORTATION, INC. relied upon the Counter-Defendant, NORTHWOOD ASSOCIATES, INC., to provide for the placement and issuance of insurance coverage on behalf of NG EXPRESS, INC. and MONTEX TRANSPORTATION, INC.

5. That at all times relevant hereto, Counter-Defendant, NORTHWOOD ASSOCIATES, INC., held themselves out as a competent insurance producer who was particularly specializing in the business of the placement and issuance of insurance coverage for interstate trucking companies such as the Counter-Plaintiffs, NG EXPRESS, INC. and MONTEX TRANSPORTATION, INC.

6. That on and prior to February 27, 2007, the employees of NG EXPRESS, INC. and MONTEX TRANSPORTATION, INC. purchased insurance through Counter-Defendant, NORTHWOOD ASSOCIATES, INC. for coverage for their interstate trucking businesses. That the coverage that they purportedly provided would include coverage including electrical equipment in the amount of $250,000.00 per vehicle for a time period from February 28, 2007 to February 28, 2008.

7. That prior to tendering the premium for said policy and before receiving the actual policy representatives of Counter-Plaintiffs, NG EXPRESS, INC. and MONTEX TRANSPORTATION, INC., were shown a sample policy that indicated that there was no exclusion nor reduction in coverage for the transportation of electrical equipment.

8. That in reliance upon the representations by the employees and agents of Counter-Defendant, NORTHWOOD ASSOCIATES, INC., the Counter-Plaintiffs, NG EXPRESS, INC. and MONTEX TRANSPORATION, INC. reasonably believed that they were insured if they transported electronic equipment in the amount of $250,000.00 including but not limited to the electronic equipment shipment brokered through MERIT FREIGHT SYSTEM that resulted in the loss as further alleged in the Complaint filed by Plaintiff, NAVIGATORS INSURANCE COMPANY, INC., a/s/o and on behalf of AMERICA'S FREIGHT CARRIER, INC., d/b/a MERIT FREIGHT SYSTEM.

9. That Counter-Plaintiff, NG EXPRESS, INC., actually arranged for the transportation of the electronic equipment on or about March 14, 2007 and assigned the same to Counter-Plaintiff, MONTEX TRANSPORTATION, INC. as a result of certain agreements made between the Counter-Plaintiffs in relation to money loaned by Counter-Plaintiff, MONTEX TRANSPORTATION, INC. for the purchase of vehicles by Counter-Plaintiff, NG EXPRESS, INC.

10. That the actual carrier utilized in the transaction alleged in the Plaintiff's Complaint was Defendant/Counter-Plaintiff, MONTEX TRANSPORTATION, INC.

11. That Counter-Plaintiff, MONTEX TRANSPORTATION, INC. tendered to MERIT FREIGHT SYSTEM the Certificate of Insurance attached to the Plaintiff's Complaint as Exhibit "F" which, Counter-Plaintiff, MONTEX TRANSPORTATION, INC. believed covered the electronic equipment up to the full limit of $250,000.00 per vehicle.

## COUNT I

12. That Counter-Plaintiff, NG EXPRESS, INC. hereby adopts and re-alleges Paragraphs 1 through 11 of this Counter-Complaint as if fully rewritten herein and incorporates the same by reference into Paragraph 12 herein.

13. That Counter-Defendant, NORTHWOOD ASSOCIATES, INC., as an insurer producer licensed to do business in the State of Illinois, at all times hereto, had a duty to advise the Counter-Plaintiffs of the coverages that they were contracting for, and to advise the Counter-Plaintiffs, as their insurance agent, what they could and could not carry under the limits of coverage and exclusions contained in the policies for which the Counter-Defendant was attempting to procure insurance for.

14. That Counter-Defendant, NORTHWOOD ASSOCIATES, INC., was aware of the particular requirements of the Counter-Plaintiffs in their freight business and particular, was aware that they were in need of coverage for electronic equipment.

15. That Counter-Defendant, NORTHWOOD ASSOCIATES, INC. was aware that there was a prior loss involving Counter-Plaintiff, NG EXPRESS, INC., involving electronic equipment, to wit, compact discs where it was aware that Counter-Plaintiff, NG EXPRESS, INC. was in the business of transporting electronic equipment such as CDs and other electronic equipment.

16. That the employees and agents of Counter-Defendant, NORTHWOOD ASSOCIATES, INC. knew, or in the exercise of reasonable care should have known, that the representatives of Counter-Plaintiff, NG EXPRESS, INC. would rely on the representations of the sample policy shown to them by the Counter-Defendants in purchasing insurance and believing that they were covered for the loss alleged by the Plaintiff in its Complaint.

17. That the Counter-Defendant, NORTHWOOD ASSOCIATES, INC. breached its duty to the Counter-Plaintiffs, NG EXPRESS, INC. by not providing the insurance coverage represented to the Counter-Plaintiffs and in fact, presenting them with a policy, issued by the Lexington Insurance Company, that had a maximum indemnity obligation to NG, if the subject shipment was electronics, to an amount no greater than $249,000.90.

4

18. That as a direct and proximate result of the negligence of Counter-Defendant, NORTHWOOD ASSOCIATES, INC., the Counter-Plaintiffs, NG EXPRESS, INC. have had to expend money for attorney's fees and costs to defend themselves in the subject lawsuit and pursuit to the Carmack Amendment, Counter-Plaintiff, NG EXPRESS, INC. could be liable for the full amount of the loss reported by MERIT FREIGHT SYSTEM to the load in the amount of $249,000.90.

19. That but for the negligence of Counter-Defendant, NORTHWOOD ASSOCIATES, INC., there would be no liability or costs expended by Counter-Plaintiff, NG EXPRESS, INC. with relation to attorney's fees and costs, or liability in the case.

20. That in the event of a judgment in favor of Plaintiff and against this Counter-Plaintiff, the Counter-Plaintiff is entitled to reimbursement of its costs, attorney's fees and liabilities to Plaintiff from Counter-Defendant, NORTHWOOD ASSOCIATES, INC.

WHEREFORE, the Counter-Plaintiff, NG EXPRESS, INC. prays this Court for the following relief against Counter-Defendant, NORTHWOOD ASSOCIATES, INC.:

A. For all attorney's fees and costs expended by Defendant/Counter-Plaintiff, NG EXPRESS, INC. in this litigation;

B. For the court to award Defendant/Counter-Plaintiff, NG EXPRESS, INC. judgment against Counter-Defendant, NORTHWOOD ASSOCIATES, INC. in the amount assessed against this Counter-Plaintiff in the underlying Complaint; and

C. For all other relief that the Court deems necessary and just.

COUNT II

21. That Counter-Plaintiff, MONTEX TRANSPORTATION, INC. hereby adopts and re-alleges Paragraphs 1 through 11 of this Counter-Complaint as if fully rewritten herein and incorporates the same by reference into Paragraph 21 herein.

22. That Counter-Defendant, NORTHWOOD ASSOCIATES, INC., as an insurer producer licensed to do business in the State of Illinois, at all times hereto, had a duty to advise the Counter-Plaintiffs of the coverages that they were contracting for, and to advise the Counter-Plaintiffs, as their insurance agent, what they could and could not carry under the limits of coverage and exclusions contained in the policies for which the Counter-Defendant was attempting to procure insurance for.

14. That Counter-Defendant, NORTHWOOD ASSOCIATES, INC., was aware of the particular requirements of the Counter-Plaintiffs in their freight business and particular, was aware that they were in need of coverage for electronic equipment.

15. That Counter-Defendant, NORTHWOOD ASSOCIATES, INC. was aware that there was a prior loss involving Counter-Plaintiff, NG EXPRESS, INC., involving electronic equipment, to wit, compact discs where it was aware that Counter-Plaintiff, NG EXPRESS, INC. was in the business of transporting electronic equipment such as CDs and other electronic equipment.

16. That the employees and agents of Counter-Defendant, NORTHWOOD ASSOCIATES, INC. knew, or in the exercise of reasonable care should have known, that the representatives of Counter-Plaintiff, MONTEX TRANSPORTATION, INC. would rely on the representations of the sample policy shown to them by the Counter-Defendants in purchasing insurance and believing that they were covered for the loss alleged by the Plaintiff in its Complaint.

17. That the Counter-Defendant, NORTHWOOD ASSOCIATES, INC. breached its duty to the Counter-Plaintiff, MONTEX TRANSPORTATION, INC. by not providing the insurance coverage represented to the Counter-Plaintiff and in fact, presenting them with a policy, issued by the Lexington Insurance Company, that had a maximum indemnity obligation to NG, if the subject shipment was electronics, to an amount no greater than $249,000.90.

18. That as a direct and proximate result of the negligence of Counter-Defendant, NORTHWOOD ASSOCIATES, INC., the Counter-Plaintiffs, MONTEX TRANSPORTATION, INC. have had to expend money for attorney's fees and costs to defend themselves in the subject lawsuit and pursuit to the Carmack Amendment, Counter-Plaintiff, MONTEX TRANSPORTATION, INC. could be liable for the full amount of the loss reported by MERIT FREIGHT SYSTEM to the load in the amount of $249,000.90.

19. That but for the negligence of Counter-Defendant, NORTHWOOD ASSOCIATES, INC., there would be no liability or costs expended by Counter-Plaintiff, MONTEX TRANSPORTATION, INC. with relation to attorney's fees and costs, or liability in the case.

20. That in the event of a judgment in favor of Plaintiff and against this Counter-Plaintiff, the Counter-Plaintiff is entitled to reimbursement of its costs, attorney's fees and liabilities to Plaintiff from Counter-Defendant, NORTHWOOD ASSOCIATES, INC.

WHEREFORE, the Counter-Plaintiff, MONTEX TRANSPORTATION, INC. prays this Court for the following relief against Counter-Defendant, NORTHWOOD ASSOCIATES, INC.:

7

A. For all attorney's fees and costs expended by Defendant/Counter-Plaintiff, MONTEX TRANSPORTATION, INC. in this litigation;

B. For the court to award Defendant/Counter-Plaintiff, MONTEX TRANSPORTATION, INC. judgment against Counter-Defendant, NORTHWOOD ASSOCIATES, INC. in the amount assessed against this Counter-Plaintiff in the underlying Complaint; and

C. For all other relief that the Court deems necessary and just.

Respectfully submitted,

Michael A. Meschino, attorney for
Defendant, NG EXPRESS, INC. and
Defendant, MONTEX TRANSPORTATION, INC.

Michael A. Meschino
Attorney for Defendant NG Express, Inc.
and Montex Transportation, Inc.
Law Offices of Michael A. Meschino
800 E. Northwest Highway
Suite 503
Palatine, IL  60074
Attorney No. 6182137

8