UNITED STATES DISTRICT COURT
Northern District of Illinois, Eastern Division

| | |
|---|---|
| NAVIGATORS INSURANCE CO., INC. ) <br> a/s/o and on behalf of AMERICA'S FREIGHT ) <br> CARRIER, INC. d/b/a MERIT FREIGHT ) <br> SYSTEM ) <br> ) <br>      v.   ) <br> ) <br> ) <br> NG EXPRESS, INC., MONTEX ) <br> TRANSPORTATION, INC. and ) <br> NORTHWOODS ASSOCIATES, INC. ) | Case No. 08 CV 1230 <br><br> Assigned Judge: Lindberg <br><br> Designated <br> Magistrate Judge: Denlow |

AMENDED ANSWER TO COMPLAINT
AND CROSSCLAIM

NOW COMES the Defendants, NG EXPRESS, INC. and MONTEX TRANSPORTATION, INC., by and through their attorneys, LAW OFFICES OF MICHAEL A. MESCHINO, and in Answer to the Complaint filed by NAVIGATOR'S INSURANCE CO., INC. a/s/o and on behalf of AMERICA'S FREIGHT CARRIER, INC. d/b/a MERIT FREIGHT SYSTEM, states as follows:

AMENDED ANSWER TO COMPLAINT

PREDICATE

1.     That these Defendants have insufficient knowledge as to the truth or falsity of the allegations contained in Paragraph 1, and, therefore neither admit nor deny the same but demand strict proof thereof.

1

## JURISDICTION AND VENUE

2. That these Defendants have insufficient knowledge as to the truth or falsity of the allegations contained in Paragraph 2 and, therefore neither admit nor deny the same but demand strict proof thereof.

3. That these Defendants have insufficient knowledge as to the truth or falsity of the allegations contained in Paragraph 3 and, therefore neither admit nor deny the same but demand strict proof thereof.

4. That these Defendants have insufficient knowledge as to the truth or falsity of the allegations contained in Paragraph 4 and, therefore neither admit nor deny the same but demand strict proof thereof.

5. That these Defendants admit the allegations contained in Paragraph 5.

## PARTIES AND RELATIONSHIPS

6. That these Defendants admit the allegations contained in Paragraph 6.

7. That these Defendants have insufficient knowledge as to the truth or falsity of the allegations contained in Paragraph 7 and, therefore neither admit nor deny the same but demand strict proof thereof.

8. That these Defendants have insufficient knowledge as to the truth or falsity of the allegations contained in Paragraph 8 and, therefore neither admit nor deny the same but demand strict proof thereof.

9. That these Defendants admit the allegations contained in Paragraph 9.

10. That these Defendants admit that MONTEX is a corporation organized under the laws of Illinois and is engaged in a business as an interstate motor carrier operating pursuant to authority by the Federal Motor Carrier Safety Administration under DOT No. 1077439 and MC No. 448034. That the Defendants deny that the corporate office and principal place of business of Defendant, Montex is located at 2653 Greenleaf

in Elk Grove Village, Illinois. That in further answering Paragraph 10, the principal place of business of Defendant, MONTEX is located at 8281 N. Wisner Street, Niles, Illinois 60714.

11. That these Defendants admit the allegations contained in Paragraph 11.

12. That these Defendants admit the allegations contained in Paragraph 12.

## TRANSPORTATION ARRANGEMENTS

13. That these Defendants have insufficient knowledge as to the truth or falsity of the allegations contained in Paragraph 13 and, therefore neither admit nor deny the same but demand strict proof thereof.

14. That these Defendants admit that Exhibit "C" is a copy of a bill of lading that indicates 26 pallets with 511 packages with a declared value of $249,000.90. That in further answering Paragraph 14, these Defendants states that the exhibit speaks for itself.

15. That these Defendants have insufficient knowledge as to the truth or falsity of the allegations contained in Paragraph 15 and, therefore neither admit nor deny the same but demand strict proof thereof.

16. That these Defendants admit that Defendant, MONTEX received the subject shipment in Trailer No. 3033 in good order, quantity and condition on or about March 14, 2007 at Tiger's Facility in Naperville, Illinois. That these Defendants deny that Defendant, NG EXPRESS, INC. received any shipment.

17. That these Defendants have insufficient knowledge as to the truth or falsity of the allegations contained in Paragraph 17 and, therefore neither admit nor deny the same but demand strict proof thereof. That in further answering Paragraph 17, it should be noted that the bill of lading attached to the Plaintiff's Complaint as Exhibit "C" does not identify what is being shipped nor is there any classification as the same being electronics equipment.

18. These Defendants deny that there was any driver assigned by Defendant, NG or that he did any of the things alleged in Paragraph 18. That in further answering Paragraph 18, Defendant, MONTEX admits the allegations contained in Paragraph 18.

19. That Defendant MONTEX admits the allegations contained in Paragraph 19. That Defendant NG denies that a driver for Defendant, NG signed any bill of lading or had anything to do with this transaction.

20. That these Defendants admit that the driver hired by Defendant, MONTEX failed to deliver the subject shipment in Trailer No. 3033 to the Tiger facility in Miami, FL as they agreed to pursuant to the bill of lading attached as Exhibit "C". That in further answering Paragraph 20, Defendant NG did not fail to deliver anything as the shipment was under the control of Defendant MONTEX. That Defendant NG and Defendant MONTEX both state that the product that was contained in the trailer was stolen from the trailer by person(s) unknown to the Defendants.

21. That these Defendants admit that Exhibit "D" indicates that the timeline of events prepared by Defendant, MONTEX and faxed to Plaintiff, MERIT after the theft is a true and correct copy of the same. That the Defendants deny that NG had anything with relation to reporting the subject shipment in Trailer No. 3033 stolen while in the care, custody or control of NG. That the Defendants admit that the vehicle at the time was under the direction of Defendant MONTEX.

22. That these Defendants admit the allegations contained in Paragraph 22.

23. That these Defendants admit that there was a declared value of $249,000.90. That the Defendants also state that Exhibit "E" speaks for itself and deny the remaining allegations and implications from the allegations contained in Paragraph 23.

## THE INSURANCE ARRANGEMENTS

24. That these Defendants have insufficient knowledge as to the truth or falsity of the allegations contained in Paragraph 24 and, therefore neither admit nor deny the same but demand strict proof thereof.

25. That these Defendants admit the allegations contained in Paragraph 25.

26. That these Defendants admit the allegations contained in Paragraph 26.

27. That these Defendants admit the allegations contained in Paragraph 27.

28. That these Defendants admit the allegations contained in Paragraph 28.

29. That these Defendants admit that Defendant, MONTEX did tender a Certificate of Insurance that indicated the coverage necessary to cover this shipment. The Defendants also admit that a copy of the Certificate of Insurance dated March 1, 2007 is attached hereto as Exhibit "F". That the Defendants deny that NG had anything whatsoever to do with the Certificate of Insurance.

30. That these Defendants deny that either Defendant NG or Defendant MONTEX prepared, provided and/or issued to MERIT the Certificate of Insurance attached as Exhibit "F". That the Defendants admit that Defendant NORTHWOOD issued and provided to MERIT the Certificate of Insurance.

31. That these Defendants deny that Defendant, NG and/or Defendant, MONTEX inserted the following typed provision: "B Trailer Exchange Interchange 128-36-55 02/28/07 02/28/07 $25,000.00 LIMIT."

32. That these Defendants have insufficient knowledge as to the truth or falsity of the allegations contained in Paragraph 32 and, therefore neither admit nor deny the same but demand strict proof thereof.

33. These Defendants admit that a copy of the Lexington Cargo Policy was tendered to MERIT after the loss. That these Defendants deny the remaining allegations contained in Paragraph 33.

34. That these Defendants deny the allegations contained in Paragraph 34.

COUNT I
NG EXPRESS, INC.
(Carmack Amendment)

35. That Defendant NG EXPRESS, INC. hereby adopts and re-alleges its answers to Paragraphs 1 through 34 of the Complaint as though fully set forth herein, and incorporates the same as its response to Paragraph 35 and incorporates the same by reference.

36. That the Defendant admits all duties imposed upon it by law but denies that such is stated accurately in Paragraph 36.

37. That the Defendant admits the existence of the statute known as the Carmack Amendment.

38. That the Defendant denies the allegations contained in Paragraph 38.

39. That the Defendant denies the allegations contained in Paragraph 39.

40. That the Defendant denies the allegations contained in Paragraph 40.

WHEREFORE, the Defendant, NG EXPRESS, INC., prays this Court for the following relief:

A. For the Court to deny the Plaintiff any relief whatsoever as against this Defendant;

B. For the Court to deny any request for prejudgment interest or costs against this Defendant from the Plaintiff; and

C. For all costs allowable by law for this Defendant.

COUNT II
MONTEX TRANSPORTATION, INC.
(Carmack Amendment)

41.	That Defendant, MONTEX TRANSPORTATION, INC. hereby repeats, adopts and re-alleges its answers to Paragraphs 1 through 34 and 37 of the Complaint as if fully rewritten herein and incorporates the same in its answer to Paragraph 41.

42.	That Defendant, MONTEX admits all obligations imposed by law but denies that any such obligations are properly set forth in Paragraph 42.

43.	The Defendant admits the allegations contained in Paragraph 43.

44.	The Defendant admits the allegations contained in Paragraph 44.

45.	The Defendant admits the allegations contained in Paragraph 45.

WHEREFORE, the Defendant, MONTEX TRANSPORTATION, INC., prays for this Honorable Court for the following relief:

A.	For the Court to deny Plaintiff any judgment whatsoever as against this Defendant;

B.	For the Court to deny any prejudgment interest or costs of the Plaintiff against this Defendant; and

C.	For all costs allowable to be recovered by law by this Defendant.

COUNT III
NORTHWOOD ASSOCIATES, INC.
(Negligence)

That this Count is not directed against either Defendant MONTEX TRANSPORTATION, INC. nor Defendant NG EXPRESS, INC. so they proffer no answer whatsoever to Count III.

COUNT IV
NORTHWOOD ASSOCIATES, INC.
(Willful and Wanton Misconduct)

That this Count is not directed against either Defendant MONTEX TRANSPORTATION, INC. nor Defendant NG EXPRESS, INC. so they proffer no answer whatsoever to Count IV.

COUNT V
NORTHWOOD ASSOCIATES, INC.
(Fraudulent Misrepresentation)

That this Count is not directed against either Defendant MONTEX TRANSPORTATION, INC. nor Defendant NG EXPRESS, INC. so they proffer no answer whatsoever to Count V.

COUNT VI
NORTHWOOD ASSOCIATES, INC.
(Negligent Misrepresentation)

That this Count is not directed against either Defendant MONTEX TRANSPORTATION, INC. nor Defendant NG EXPRESS, INC. so they proffer no answer whatsoever to Count VI.

COUNT VII
NORTHWOOD ASSOCIATES, INC.
(Illinois Consumer Fraud and Deceptive Practices Act)

That this Count is not directed against either Defendant MONTEX TRANSPORTATION, INC. nor Defendant NG EXPRESS, INC. so they proffer no answer whatsoever to Count VII.

CROSSCLAIM

NOW COMES the CrossPlaintiffs, NG EXPRESS, INC. and MONTEX TRANSPORTATION, INC., by and through their attorneys, LAW OFFICES OF MICHAEL A. MESCHINO, and for its Cross-Complaint against CrossDefendant, NORTHWOOD ASSOCIATES, INC., states as follows:

1. That CrossPlaintiff NG EXPRESS, INC. is an Illinois corporation organized and existing under the laws of the State of Illinois and is engaged in the business as an interstate motor carrier operating pursuant to authority issued by the Federal Motor Carrier Safety Administration under DOT No. 1002472 and MC No. 24338. That at all times hereto, CrossPlaintiff NG EXPRESS, INC. had its corporate office and principal place of business located at 2653 Greenleaf, Elk Grove Village, IL.

2. That CrossPlaintiff MONTEX TRANSPORTATION, INC., is a corporation organized under the laws of the State of Illinois and is engaged in the business as an interstate motor carrier operating pursuant to authority by the Federal Motor Carrier Safety Administration under DOT No. 1077434 and MC No. 448034. That CrossPlaintiff, MONTEX TRANSPORTATION, INC. has corporate offices and a principal place of business located at 8281 N. Wisner Street, Niles, IL 60714.

3. That CrossDefendant, NORTHWOOD ASSOCIATES, INC. was, at all times relevant hereto, a corporation organized under the laws of the State of Illinois and engaged in the business as an insurance producer pursuant to the laws of the State of Illinois. That the corporate offices and principal place of business for Northwood Associates, Inc. is located at 800 E. Northwest Highway, Suite 504, Palatine, IL 60074.

4. That on and prior to February 27, 2007, CrossPlaintiffs, NG EXPRESS, INC. and MONTEX TRANSPORTATION, INC. relied upon the CrossDefendant, NORTHWOOD ASSOCIATES, INC., to provide for the placement and issuance of insurance coverage on behalf of NG EXPRESS, INC. and MONTEX TRANSPORTATION, INC.

5. That at all times relevant hereto, CrossDefendant, NORTHWOOD ASSOCIATES, INC., held themselves out as a competent insurance producer who was particularly specializing in the business of the placement and issuance of insurance coverage for interstate trucking companies such as the CrossPlaintiffs, NG EXPRESS, INC. and MONTEX TRANSPORTATION, INC.

6. That on and prior to February 27, 2007, the employees of NG EXPRESS, INC. and MONTEX TRANSPORTATION, INC. purchased insurance through CrossDefendant, NORTHWOOD ASSOCIATES, INC. for coverage for their interstate trucking businesses. That the coverage that they purportedly provided would include coverage including electrical equipment in the amount of $250,000.00 per vehicle for a time period from February 28, 2007 to February 28, 2008.

7. That prior to tendering the premium for said policy and before receiving the actual policy representatives of CrossPlaintiffs, NG EXPRESS, INC. and MONTEX TRANSPORTATION, INC., were shown a sample policy that indicated that there was no exclusion nor reduction in coverage for the transportation of electrical equipment.

8. That in reliance upon the representations by the employees and agents of CrossDefendant, NORTHWOOD ASSOCIATES, INC., the CrossPlaintiffs, NG EXPRESS, INC. and MONTEX TRANSPORATION, INC. reasonably believed that they were insured if they transported electronic equipment in the amount of $250,000.00 including but not limited to the electronic equipment shipment brokered through MERIT

FREIGHT SYSTEM that resulted in the loss as further alleged in the Complaint filed by Plaintiff, NAVIGATORS INSURANCE COMPANY, INC., a/s/o and on behalf of AMERICA'S FREIGHT CARRIER, INC., d/b/a MERIT FREIGHT SYSTEM.

9.  That CrossPlaintiff, NG EXPRESS, INC., actually arranged for the transportation of the electronic equipment on or about March 14, 2007 and assigned the same to CrossPlaintiff, MONTEX TRANSPORTATION, INC. as a result of certain agreements made between the CrossPlaintiffs in relation to money loaned by CrossPlaintiff, MONTEX TRANSPORTATION, INC. for the purchase of vehicles by CrossPlaintiff, NG EXPRESS, INC.

10.  That the actual carrier utilized in the transaction alleged in the Plaintiff's Complaint was Defendant/CrossPlaintiff, MONTEX TRANSPORTATION, INC.

11.  That CrossPlaintiff, MONTEX TRANSPORTATION, INC. tendered to MERIT FREIGHT SYSTEM the Certificate of Insurance attached to the Plaintiff's Complaint as Exhibit "F" which, CrossPlaintiff, MONTEX TRANSPORTATION, INC. believed covered the electronic equipment up to the full limit of $250,000.00 per vehicle.

COUNT I

12.  That CrossPlaintiff, NG EXPRESS, INC. hereby adopts and re-alleges Paragraphs 1 through 11 of this Counter-Complaint as if fully rewritten herein and incorporates the same by reference into Paragraph 12 herein.

13.  That CrossDefendant, NORTHWOOD ASSOCIATES, INC., as an insurer producer licensed to do business in the State of Illinois, at all times hereto, had a duty to advise the CrossPlaintiffs of the coverages that they were contracting for, and to advise the CrossPlaintiffs, as their insurance agent, what they could and could not carry under the limits of coverage and exclusions contained in the policies for which the CrossDefendant was attempting to procure insurance for.

14. That CrossDefendant, NORTHWOOD ASSOCIATES, INC., was aware of the particular requirements of the CrossPlaintiffs in their freight business and particular, was aware that they were in need of coverage for electronic equipment.

15. That CrossDefendant, NORTHWOOD ASSOCIATES, INC. was aware that there was a prior loss involving CrossPlaintiff, NG EXPRESS, INC., involving electronic equipment, to wit, compact discs where it was aware that CrossPlaintiff, NG EXPRESS, INC. was in the business of transporting electronic equipment such as CDs and other electronic equipment.

16. That the employees and agents of CrossDefendant, NORTHWOOD ASSOCIATES, INC. knew, or in the exercise of reasonable care should have known, that the representatives of CrossPlaintiff, NG EXPRESS, INC. would rely on the representations of the sample policy shown to them by the CrossDefendants in purchasing insurance and believing that they were covered for the loss alleged by the Plaintiff in its Complaint.

17. That the CrossDefendant, NORTHWOOD ASSOCIATES, INC. breached its duty to the CrossPlaintiffs, NG EXPRESS, INC. by not providing the insurance coverage represented to the CrossPlaintiffs and in fact, presenting them with a policy, issued by the Lexington Insurance Company, that had a maximum indemnity obligation to NG, if the subject shipment was electronics, to an amount no greater than $249,000.90.

18. That as a direct and proximate result of the negligence of CrossDefendant, NORTHWOOD ASSOCIATES, INC., the CrossPlaintiffs, NG EXPRESS, INC. have had to expend money for attorney's fees and costs to defend themselves in the subject lawsuit and pursuit to the Carmack Amendment, CrossPlaintiff, NG EXPRESS, INC. could be liable for the full amount of the loss reported by MERIT FREIGHT SYSTEM to the load in the amount of $249,000.90.

19. That but for the negligence of CrossDefendant, NORTHWOOD ASSOCIATES, INC., there would be no liability or costs expended by CrossPlaintiff, NG EXPRESS, INC. with relation to attorney's fees and costs, or liability in the case.

20. That in the event of a judgment in favor of Plaintiff and against this CrossPlaintiff, the CrossPlaintiff is entitled to reimbursement of its costs, attorney's fees and liabilities to Plaintiff from CrossDefendant, NORTHWOOD ASSOCIATES, INC.

WHEREFORE, the CrossPlaintiff, NG EXPRESS, INC. prays this Court for the following relief against CrossDefendant, NORTHWOOD ASSOCIATES, INC.:

A. For all attorney's fees and costs expended by Defendant/CrossPlaintiff, NG EXPRESS, INC. in this litigation;

B. For the court to award Defendant/CrossPlaintiff, NG EXPRESS, INC. judgment against CrossDefendant, NORTHWOOD ASSOCIATES, INC. in the amount assessed against this CrossPlaintiff in the underlying Complaint; and

C. For all other relief that the Court deems necessary and just.

## COUNT II

21. That CrossPlaintiff, MONTEX TRANSPORTATION, INC. hereby adopts and re-alleges Paragraphs 1 through 11 of this Counter-Complaint as if fully rewritten herein and incorporates the same by reference into Paragraph 21 herein.

22. That CrossDefendant, NORTHWOOD ASSOCIATES, INC., as an insurer producer licensed to do business in the State of Illinois, at all times hereto, had a duty to advise the CrossPlaintiffs of the coverages that they were contracting for, and to advise the CrossPlaintiffs, as their insurance agent, what they could and could not carry under the limits of coverage and exclusions contained in the policies for which the CrossDefendant was attempting to procure insurance for.

14. That CrossDefendant, NORTHWOOD ASSOCIATES, INC., was aware of the particular requirements of the CrossPlaintiffs in their freight business and particular, was aware that they were in need of coverage for electronic equipment.

15. That CrossDefendant, NORTHWOOD ASSOCIATES, INC. was aware that there was a prior loss involving CrossPlaintiff, NG EXPRESS, INC., involving electronic equipment, to wit, compact discs where it was aware that CrossPlaintiff, NG EXPRESS, INC. was in the business of transporting electronic equipment such as CDs and other electronic equipment.

16. That the employees and agents of CrossDefendant, NORTHWOOD ASSOCIATES, INC. knew, or in the exercise of reasonable care should have known, that the representatives of CrossPlaintiff, MONTEX TRANSPORTATION, INC. would rely on the representations of the sample policy shown to them by the CrossDefendants in purchasing insurance and believing that they were covered for the loss alleged by the Plaintiff in its Complaint.

17. That the CrossDefendant, NORTHWOOD ASSOCIATES, INC. breached its duty to the CrossPlaintiff, MONTEX TRANSPORTATION, INC. by not providing the insurance coverage represented to the CrossPlaintiff and in fact, presenting them with a policy, issued by the Lexington Insurance Company, that had a maximum indemnity obligation to NG, if the subject shipment was electronics, to an amount no greater than $249,000.90.

18. That as a direct and proximate result of the negligence of CrossDefendant, NORTHWOOD ASSOCIATES, INC., the CrossPlaintiffs, MONTEX TRANSPORTATION, INC. have had to expend money for attorney's fees and costs to defend themselves in the subject lawsuit and pursuit to the Carmack Amendment, CrossPlaintiff, MONTEX TRANSPORTATION, INC. could be liable for the full amount

14

of the loss reported by MERIT FREIGHT SYSTEM to the load in the amount of $249,000.90.

19. That but for the negligence of CrossDefendant, NORTHWOOD ASSOCIATES, INC., there would be no liability or costs expended by CrossPlaintiff, MONTEX TRANSPORTATION, INC. with relation to attorney's fees and costs, or liability in the case.

20. That in the event of a judgment in favor of Plaintiff and against this CrossPlaintiff, the CrossPlaintiff is entitled to reimbursement of its costs, attorney's fees and liabilities to Plaintiff from CrossDefendant, NORTHWOOD ASSOCIATES, INC.

WHEREFORE, the CrossPlaintiff, MONTEX TRANSPORTATION, INC. prays this Court for the following relief against CrossDefendant, NORTHWOOD ASSOCIATES, INC.:

   A.  For all attorney's fees and costs expended by Defendant/CrossPlaintiff, MONTEX TRANSPORTATION, INC. in this litigation;

   B.  For the court to award Defendant/CrossPlaintiff, MONTEX TRANSPORTATION, INC. judgment against CrossDefendant, NORTHWOOD ASSOCIATES, INC. in the amount assessed against this CrossPlaintiff in the underlying Complaint; and

   C.  For all other relief that the Court deems necessary and just.

Respectfully submitted,

_____
Michael A. Meschino, attorney for
Defendant, NG EXPRESS, INC. and
Defendant, MONTEX TRANSPORTATION, INC.

Michael A. Meschino
Attorney for Defendant NG Express, Inc.
and Montex Transportation, Inc.
Law Offices of Michael A. Meschino
800 E. Northwest Highway
Suite 503
Palatine, IL  60074
Attorney No. 6182137