50640-DFG                                                                                                               Firm No. 90663

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| NAVIGATORS INSURANCE CO., INC. a/s/o ) <br> and on behalf of AMERICA'S FREIGHT ) <br> CARRIER, INC., d/b/a MERIT FREIGHT ) <br> SYSTEM ) <br>                Plaintiff, ) <br>    v. ) <br> ) <br> NG EXPRESS, INC., MONTEX ) <br> TRANSPORTATION, INC., and ) <br> NORTHWOOD ASSOCIATES, INC. ) <br> ) <br>                Defendant. ) | Case No. 08 C 01230 <br><br> Judge George W. Lindberg |

## DEFENDANT NORTHWOOD ASSOCIATES, INC.'S ANSWER TO DEFENDANT NG EXPRESS, INC. AND MONTEX TRANSPORTATION'S CROSS-COMPLAINT

NOW COMES Defendant/Cross-Defendant NORTHWOOD ASSOCIATES, INC., by and through its attorneys, Daniel F. Gallagher, Michele T. Oshman and QUERREY & HARROW, LTD., and in answer to the Cross-Plaintiffs' Cross-Complaint, states as follows:

### CROSSCLAIM

1.  That CrossPlaintiff NG EXPRESS, INC. is an Illinois corporation organized and existing under the laws of the State of Illinois and is engaged in the business as an interstate motor carrier operating pursuant to authority issued by the Federal Motor Carrier Safety Administration under DOT No. 1002472 and MC No. 24338. That at all times hereto, CrossPlaintiff NG EXPRESS, INC. had its corporate office and principal place of business located at 2653 Greenleaf, Elk Grove Village, IL.

**ANSWER:**   Cross-Defendant admits the allegations of this Paragraph.

2. That CrossPlaintiff MONTEX TRANSPORTATION, INC. is a corporation organized under the laws of the State of Illinois and is engaged in the business as an interstate motor carrier operating pursuant to authority by the Federal Motor Carrier Safety Administration under DOT No. 1077434 and MC No. 448034. That CrossPlaintiff, MONTEX TRANSPORTATION, INC. has corporate offices and a principal place of business located at 8281 N. Wisner Street, Niles, IL 60714.

**ANSWER:** Cross-Defendant admits the allegations of this Paragraph.

3. That CrossDefendant, NORTHWOOD ASSOCIATES, INC. was, at all times relevant hereto, a corporation organized under the laws of the State of Illinois and engaged in the business as an insurance producer pursuant to the laws of the State of Illinois. That the corporate offices and principal place of business for Northwood Associates, Inc. is located at 800 E. Northwest Highway, Suite 504, Palatine, IL 60074.

**ANSWER:** Cross-Defendant admits the allegations of this Paragraph.

4. That on and prior to February 27, 2007, CrossPlaintiffs, NG EXPRESS, INC. and MONTEX TRANSPORTATION, INC. relied upon the CrossDefendant, NORTHWOOD ASSOCIATES, INC., to provide for the placement and issuance of insurance coverage on behalf of NG EXPRESS, INC. and MONTEX TRANSPORTATION, INC.

**ANSWER:** Cross-Defendant neither admits nor denies the allegations of this Paragraph due to insufficient information to form a belief as to the veracity of the allegations.

5. That at all times relevant hereto, CrossDefendant, NORTHWOOD ASSOCIATES, INC., held themselves out as a competent insurance producer who was particularly specializing in the business of the placement of issuance of insurance coverage for interstate trucking companies such as the CrossPlaintiff, NG EXPRESS, INC. and MONTEX TRANSPORTATION, INC.

**ANSWER:** Cross-Defendant admits the allegations of this Paragraph.

6. That on and prior to February 27, 2007, the employees of NG EXPRESS, INC. and MONTEX TRANSPORTATION, INC. purchased insurance through CrossDefendant, NORTHWOOD ASSOCIATES, INC. for coverage for their interstate trucking businesses. That the coverage that they purportedly provided would include coverage including electrical equipment in the amount of $250,000.00 per vehicle for a time period from February 28, 2007 to February 28, 2008.

**ANSWER:** Cross-Defendant admits that on and prior to February 27, 2007, NG Express, Inc. and Montex Transportation, Inc. purchased insurance through Cross-Defendant for coverage for their interstate trucking businesses, including cargo insurance with effective dates of February 28, 2007 to February 28, 2008, with limits of liability of $250,000. Cross-Defendant further answers that the cargo insurance provides coverage pursuant to its terms and conditions, and may have provided coverage for loss involving electrical equipment where the loss fell within the policy's terms and conditions, and denies the remaining allegations of this Paragraph..

7. That prior to tendering the premium for said policy and before receiving the actual policy representatives of CrossPlaintiffs, NG EXPRESS, INC. and MONTEX

TRANSPORTATION, INC., were shown a sample policy that indicated that there was no exclusion nor reduction in coverage for the transportation of electrical equipment.

**ANSWER:** Cross-Defendant denies the allegations of this Paragraph.

8. That in reliance upon the representations by the employees and agents of CrossDefendant, NORTHWOOD ASSOCIATES, INC., the CrossPlaintiffs, NG EXPRESS, INC. and MONTEX TRANSPORTATION, INC. reasonably believed that they were insured if they transported electronic equipment in the amount of $250,000.00 including but not limited to the electronic equipment shipment bordered through MERIT FREIGHT SYSTEM that resulted in the loss as further alleged in the Complaint filed by Plaintiff, NAVIGATORS INSURANCE COMPANY, INC. a/s/o and on behalf of AMERICA'S FREIGHT CARRIER, INC. d/b/a MERIT FREIGHT SYSTEM.

**ANSWER:** Cross-Defendant neither admits nor denies the allegations of this Paragraph due to insufficient information to form a belief as to the veracity of the allegations.

9. That CrossPlaintiff, NG EXPRESS, INC., actually arranged for the transportation of the electronic equipment on or about March 14, 2007 and assigned the same to CrossPlaintiff, MONTEX TRANSPORTATION, INC. as a result of certain agreements made between the CrossPlaintiffs in relation to money loaned by CrossPlaintiff, MONTEX TRANSPORTATION, INC. for the purchase of vehicles by CrossPlaintiff, NG EXPRESS, INC.

**ANSWER:** Cross-Defendant neither admits nor denies the allegations of this Paragraph due to insufficient information to form a belief as to the veracity of the allegations.

10.     That the actual carrier utilized in the transaction alleged in the Plaintiff's Complaint was Defendant/CrossPlaintiff, MONTEX TRANSPORTATION, INC.

**ANSWER:**     Cross-Defendant neither admits nor denies the allegations of this Paragraph due to insufficient information to form a belief as to the veracity of the allegations.

11.     That CrossPlaintiff, MONTEX TRANSPORTATION, INC. tendered to MERIT FREIGHT SYSTEM the Certificate of Insurance attached to the Plaintiff's Complaint as Exhibit "F" which, CrossPlaintiff, MONTEX TRANSPORTATION, INC. believed covered the electronic equipment up to the full limit of $250,000.00 per vehicle.

**ANSWER:**     Cross-Defendant neither admits nor denies the allegations of this Paragraph due to insufficient information to form a belief as to the veracity of the allegations.

## COUNT I

12.     That CrossPlaintiff, NG EXPRESS, INC. hereby adopts and re-alleges Paragraphs 1 through 11 of this Counter-Complaint as if fully rewritten herein and incorporates the same by reference into Paragraph 12 herein.

**ANSWER:**     Cross-Defendant incorporates its answers to Paragraphs 1 through 11 as its answer to this Paragraph.

13.     That CrossDefendant, NORTHWOOD ASSOCIATES, INC., as an insurer producer licensed to do business in the State of Illinois, at all times hereto, had a duty to advise the CrossPlaintiffs of the coverages that they were contracting for, and to advise the CrossPlaintiffs, as their insurance agent, what they could and could not carry under the limits of

coverage and exclusions contained in the policies for which the CrossDefendant was attempting to procure insurance for.

  **ANSWER:** Cross-Defendant denies the allegations of this Paragraph.

14. That CrossDefendant, NORTHWOOD ASSOCIATES, INC., was aware of the particular requirements of the CrossPlaintiffs in their freight business and particular (sic), was aware that they were in need of coverage for electronic equipment.

  **ANSWER:** Cross-Defendant denies the allegations of this Paragraph.

15. That CrossDefendant, NORTHWOOD ASSOCIATES, INC. was aware that there was a prior loss involving CrossPlaintiff, NG EXPRESS, INC., involving electronic equipment, to wit, compact discs where it was aware that CrossPlaintiff, NG EXPRESS, INC. was in the business of transporting electronic equipment such as CDs and other electronic equipment.

  **ANSWER:** Cross-Defendant admits that it was aware of a prior cargo loss by NG Express, Inc. involving the loss of a load of compact discs and denies the remaining allegations of this Paragraph.

16. That the employees and agents of CrossDefendant, NORTHWOOD ASSOCIATES, INC. knew, or in the exercise of reasonable care should have known, that the representatives of CrossPlaintiff, NG EXPRESS, INC. would rely on the representations of the sample policy shown to them by the CrossDefendants in purchasing insurance and believing that they were covered for the loss alleged by the Plaintiff in its Complaint.

  **ANSWER:** Cross-Defendant denies the allegations of this Paragraph.

17.     That the CrossDefendant, NORTHWOOD ASSOCIATES, INC. breached its duty to the CrossPlaintiffs, NG EXPRESS, INC. by not providing the insurance coverage represented to the CrossPlaintiffs and in fact, presenting them with a policy, issued by the Lexington Insurance Company, that had a maximum indemnity obligation to NG, if the subject shipment was electronics, to an amount no greater than $249,000.90.

**ANSWER:**    Cross-Defendant denies the allegations of this Paragraph.

18.     That as a direct and proximate result of the negligence of CrossDefendant, NORTHWOOD ASSOCIATES, INC., the CrossPlaintiffs, NG EXPRESS, INC. have had to expend money for attorney's fees and costs to defend themselves in the subject lawsuit and pursuit to the Carmack Amendment, CrossPlaintiff, NG EXPRESS, INC. could be liable for the full amount of the loss reported by MERIT FREIGHT SYSTEM to the load in the amount of $249,000.90.

**ANSWER:**    Cross-Defendant denies the allegations of this Paragraph.

19.     That but for the negligence of CrossDefendant, NORTHWOOD ASSOCIATES, INC., there would be no liability or costs expended by CrossPlaintiff, NG EXPRESS, INC. with relation to attorney's fees and costs, or liability in the case.

**ANSWER:**    Cross-Defendant denies the allegations of this Paragraph.

20.     That in the event of a judgment in favor of Plaintiff and against this CrossPlaintiff, the CrossPlaintiff is entitled to reimbursement of its costs, attorney's fees and liabilities to Plaintiff from CrossDefendant, NORTHWOOD ASSOCIATES, INC.

**ANSWER:**   Cross-Defendant denies the allegations of this Paragraph.

## COUNT II

21.   The CrossPlaintiff, MONTEX TRANSPORTATION, INC. hereby adopts and re-alleges Paragraphs 1 through 11 of this Counter-Complaint as if fully rewritten herein and incorporates the same by reference into Paragraph 21 herein.

**ANSWER:**   Cross-Defendant incorporates its answers to Paragraphs 1 through 11 as its answer to this Paragraph.

22.   The CrossDefendant, NORTHWOOD ASSOCIATES, INC., as an insurer producer licensed to do business in the State of Illinois, at all times hereto, had a duty to advise the CrossPlaintiffs of the coverages that they were contracting for, and to advise the CrossPlaintiffs, as their insurance agent, what they could and could not carry under the limits of coverage and exclusions contained in the policies for which the CrossDefendant was attempting to procure insurance for.

**ANSWER:**   Cross-Defendant denies the allegations of this Paragraph.

14(sic).   That CrossDefendant, NORTHWOOD ASSOCIATES, INC., was aware of the particular requirements of the CrossPlaintiffs in their freight business and particular, was aware that they were in need of coverage for electronic.

**ANSWER:**   Cross-Defendant denies the allegations of this Paragraph.

15(sic).   The CrossDefendant, NORTHWOOD ASSOCIATES, INC. was aware that there was a prior loss involving CrossPlaintiff, NG EXPRESS, INC., involving electronic equipment, to wit, compact discs where it was aware that CrossPlaintiff, NG EXPRESS, INC., was in the business of transporting electronic equipment such as CDs and other electronic equipment.

**ANSWER:**   Cross-Defendant admits that it was aware of a prior cargo loss by NG Express, Inc. involving the loss of a load of compact discs and denies the remaining allegations of this Paragraph.

16(sic).   That the employees and agents of CrossDefendant, NORTHWOOD ASSOCIATES, INC. knew, or in the exercise of reasonable care should have known, that the representatives of CrossPlaintiff, MONTEX TRANSPORTATION, INC. would rely on the representations of the sample policy shown to them by the CrossDefendants in purchasing insurance and believing that they were covered for the loss alleged by the Plaintiff in its Complaint.

**ANSWER:**   Cross-Defendant denies the allegations of this Paragraph.

17(sic).   That the CrossDefendant, NORTHWOOD ASSOCIATES, INC. breached its duty to the CrossPlaintiff, MONTEX TRANSPORTATION, INC. by not providing the insurance coverage represented to the CrossPlaintiff and in fact, presenting them with a policy, issued by the Lexington Insurance Company, that had a maximum indemnity obligation to NG, if the subject shipment was electronics, to an amount no greater than $249,000.90.

**ANSWER:**   Cross-Defendant denies the allegations of this Paragraph.

18(sic).  That as a direct and proximate result of the negligence of CrossDefendant, NORTHWOOD ASSOCIATES, INC., the CrossPlaintiffs, MONTEX TRANSPORTATION, INC. have had to expend money for attorney's fees and costs to defend themselves in the subject lawsuit and pursuit to the Carmack Amendment, CrossPlaintiff, MONTEX TRANSPORTATION, INC. could be liable for the full amount of the loss reported by MERIT FREIGHT SYSTEM to the load in the amount of $249,000.90.

**ANSWER:**  Cross-Defendant denies the allegations of this Paragraph.

19(sic).  That but for the negligence of CrossDefendant, NORTHWOOD ASSOCIATES, INC., there would be no liability or costs expended by CrossPlaintiff, MONTEX TRANSPORTATION, INC. with relation to attorney's fees and costs, or liability in the case.

**ANSWER:**  Cross-Defendant denies the allegations of this Paragraph.

20(sic).  That in the event of a judgment in favor of Plaintiff and against this CrossPlaintiff, the CrossPlaintiff is entitled to reimbursement of its costs, attorney's fees and liabilities to Plaintiff from CrossDefendant, NORTHWOOD ASSOCIATES, INC.

**ANSWER:**  Cross-Defendant denies the allegations of this Paragraph.

## **AFFIRMATIVE DEFENSES**

### **FIRST AFFIRMATIVE DEFENSE**

The Court lacks subject matter jurisdiction over the claims against Cross-Defendant.

### **SECOND AFFIRMATIVE DEFENSE**

Cross-Plaintiffs fail to state a cause of action against Cross-Defendant.

**THIRD AFFIRMATIVE DEFENSE**

Cross-Plaintiffs' action is premature.

WHEREFORE, Cross-Defendant NORTHWOOD ASSOCIATES, INC. that Cross-Plaintiff is entitled to the judgment they seek and prays that the Cross-Complaint against it be dismissed and that fees and costs be assessed against the Cross-Plaintiffs.

**JURY DEMAND**

Defendant demands a trial by jury.

    Respectfully submitted,

    NORTHWOOD ASSOCIATES, INC.

    By: /s/ Daniel F. Gallagher
        Attorneys for the Defendant

Daniel F. Gallagher
Michele T. Oshman
Querrey & Harrow, Ltd.
175 West Jackson Boulevard
Suite 1600
Chicago, IL  60604

Document #: 1337546